UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MARTIN J. WALSH,<br>      Petitioner, | )<br>)<br>) |
| v. | )   CAUSE NO.: 2:22-mc-65-JPK |
| EDDIE MARTINEZ and CUT RITE LAWN<br>CARE AND MAINTENANCE,<br>      Respondents. | )<br>)<br>)<br>) |

## OPINION AND ORDER

This matter is before the Court on the Secretary of the United States Department of Labor's ("DOL") Petition for Enforcement of an Administrative Subpoena [DE 1]. The DOL has served Respondents Eddie Martinez and Cut Rite Lawn Care and Maintenance ("Cut Rite") with a subpoena, seeking records for its investigation of the respondents' compliance with the Fair Labor Standards Act, and the respondents have not complied. On August 30, 2022, the Court ordered the respondents to show cause by September 28, 2022, why the petition should not be granted. [DE 4]. The respondents were served with that order [DE 5], and they have not responded to it.

The DOL's petition seeks a court order (1) ordering the respondents to fully comply; (2) tolling the applicable statute of limitations until they respond in full; and (3) directing the respondents to pay all costs incurred by the DOL. When a person or corporation refuses to comply with a subpoena in a Fair Labor Standards Act investigation, the DOL can petition the Court to order compliance. *See* 29 U.S.C. § 209 ("[T]he provisions of [15 U.S.C. § 49] are made applicable to the jurisdiction, powers, and duties of . . . the Secretary of Labor"); 15 U.S.C. § 49 (the agency "may invoke the aid of any court of the United States in requiring the attendance and testimony of witnesses and the production of documentary evidence"). The subpoena will be enforced if "the inquiry is within the authority of the agency, the demand is not too indefinite and the information

sought is reasonably relevant." *Walsh v. Alight Sols. LLC*, 44 F.4th 716, 722 (7th Cir. 2022) (quoting *EEOC v. Aerotek, Inc.*, 815 F.3d 328, 333 (7th Cir. 2016)).

The DOL's memorandum and exhibits document its repeated attempts to seek records from Eddie Martinez, the owner of Cut Rite, and Martinez's representatives. [*See* DE 3, 3-3, 3-4]. The DOL requested contact information for employees, documentation of employee hours worked, financial records, tax forms, and other documentation of Cut Rite's operations, to investigate its compliance with the FLSA's minimum wage, overtime, and record-keeping provisions. Cut Rite produced only a small number of the requested documents. The DOL issued the subpoena to obtain the remaining documents, but no further documents have been produced. [*See* DE 3-4, Declaration of Aaron R. Loomis, ¶¶ 8-9]. Upon review of the subpoena, the Court finds that the requests are relevant to the DOL's investigation of Cut Rite's compliance with federal wage and hour laws, and are within the authority of the agency. *See* [DE 3-4 at p. 20-28]; *Alight Sols.*, 44 F.4th at 722 ("An administrative agency's subpoena power is intended to permit the agency to 'investigate merely on suspicion that the law is being violated, or even just because it wants assurance that it is not.'") (quoting *Chao v. Loc. 743, Int'l Brotherhood of Teamsters, AFL-CIO*, 467 F.3d 1014, 1017 (7th Cir. 2006)). The requests are limited to documents created, used, or relied on since December 1, 2019, and there is no suggestion in the record that they are indefinite or unduly burdensome.

The DOL requests that the applicable statute of limitations be tolled until the respondents fully respond to the subpoena. In general, an action under the Fair Labor Standards Act must be commenced within two years after the cause of action accrues, or three years if the violation was willful. 29 U.S.C. § 255. A statute of limitations can be equitably tolled if, "despite all due diligence, [the plaintiff] is unable to obtain vital information bearing on the existence of his claim." *Hentosh v. Herman M. Finch Univ. of Health Scis.*, 167 F.3d 1170, 1174 (7th Cir. 1999) (quoting

*Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450 (7th Cir. 1990)). It is not yet clear that the requested information is "vital" to the existence of all future claims, and because the DOL has not yet obtained the information, the required finding of diligence would be premature. *See Walsh v. Medina, Inc.*, No. 21-MC-74 (JRT/ECW), 2022 WL 3348278, at *8 (D. Minn. Aug. 12, 2022); *Acosta v. GT Drywall, Inc.*, No. MC 17-0006-JGB (KKX), 2017 WL 3262109, at *4 (C.D. Cal. June 26, 2017), report and recommendation adopted, No. EDMC 17-06-JGB (KKX), 2017 WL 3251388 (C.D. Cal. July 28, 2017) (the tolling period "could be endless without any manner to assess whether [the DOL] is proceeding with all reasonable diligence"). This, of course, is not to suggest that the DOL will not ultimately prevail on its tolling argument. The DOL may renew its request when the respondents have complied with the subpoena.

Finally, the DOL seeks an order directing the respondents to "pay all costs and expenses incurred by the Secretary in this matter." [DE 3 at 8]. However, the request for payment of "all costs and expenses" is too open-ended. Any compensatory sanction[1] should be limited to reasonable, documented expenses. *See Walsh*, 2022 WL 3348278, at *7 n. 3 (denying the DOL's request for attorney fees in subpoena enforcement action based on a lack of documentation). The DOL may renew its request with appropriate documentation of its expenses, or seek any further relief consistent with the Court's enforcement power under 15 U.S.C. § 49.

Accordingly, the Court **GRANTS in part** the relief requested in the Petition for Enforcement of Administrative Subpoena [DE 1]. The Court **ORDERS** the DOL to serve a copy

---

[1] To the extent the requested financial sanction is based on the Court's enforcement power in 15 U.S.C. § 49, the request is premature. The Court's statutory power to enforce the subpoena can extend to a finding of civil contempt for "contumacy, or refusal to obey" the subpoena. *See* 15 U.S.C. § 49. Although the respondents violated a court order by their failure to show cause, they have not violated a court order to obey the subpoena, because the Court had not yet enforced the subpoena. *See Acosta v. La Piedad Corp.*, 894 F.3d 947, 951 (8th Cir. 2018) ("Congress provided that there can be no contempt remedy except for violation of a judicial order enforcing the agency's subpoena.") (citing *Donovan v. Lone Steer, Inc.*, 464 U.S. 408, 415 (1984)).

of the subpoena, along with a copy of this order, on Respondents Eddie Martinez and Cut Rite Lawn Care, and to file proof of service on the docket by **October 28, 2022**.

The Court **ORDERS** Respondents Eddie Martinez and Cut Rite Lawn Care to fully respond to the subpoena and produce to the DOL all documents in their possession, custody, or control in response to the subpoena, **within 14 days of being served**. The Court further **ORDERS** the DOL to file a status report by **November 14, 2022**, indicating whether the respondents have complied.

The Court **DENIES without prejudice** the DOL's request for tolling of the applicable statute of limitations, and **DENIES without prejudice** the request for an order directing payment of costs and expenses.

So ORDERED this 14th day of October, 2022.

s/ Joshua P. Kolar
MAGISTRATE JUDGE JOSHUA P. KOLAR
UNITED STATES DISTRICT COURT